**SIXTH DISTRICT COURT OF APPEAL**
**STATE OF FLORIDA**

_____

Case No. 6D23-2376
Lower Tribunal No. CF22-007468-XX

_____

DEVASSE THOMPSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Dana Y. Moore, Judge.

May 24, 2024

SMITH, J.

Devasse Thompson ("Thompson") appeals the judgment and sentence imposed following his no contest plea to three separate charges,[1] arguing that the trial court erroneously ordered him to pay costs of supervision after he was sentenced

---

[1] The charges included single counts of burglary of a dwelling, trespass on property other than a structure or conveyance, and resisting an officer without violence.

to a prison term, even though neither probation, community control, nor other forms of supervision were part of his sentence. The State concedes the point in its brief, attributing it to a likely scrivener's error; we agree that Thompson's position is well taken. *See* § 948.09(1)(a)(1), Fla. Stat. (2022) ("Any person ordered by the court, the Department of Corrections, or the Florida Commission on Offender Review *to be placed under supervision* under this chapter, chapter 944, chapter 945, chapter 947, or chapter 958, or in a pretrial intervention program, must . . . pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision.") (emphasis added).

During the pendency of this appeal, Thompson also raised this issue through a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The motion should have been granted, but because it was not ruled on within sixty days, it was deemed automatically denied. Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied."). This denial was erroneous, thus we reverse and remand with instructions for the trial court to enter a corrected judgment removing the supervision costs.

REVERSED and REMANDED with instructions.

MIZE and GANNAM, JJ., concur.

2

Howard L. "Rex" Dimmig, II, Public Defender, and Stephania A. Valantasis, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Katherine Coombs Cline, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED